IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONNELL FLOWERS,**

    **Plaintiff,**

v.                                             Civil Action No. 3:20cv850

**MRS. GRIFFIN, *et al.*,**[1]

    **Defendants.**

### MEMORANDUM OPINION

Donnell Flowers, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[2] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be DISMISSED WITHOUT PREJUDICE.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state

---

[1] In his initial Complaint, Flowers named two individuals, Mrs. Griffin and Sgt. Boyd, as defendants. (ECF No. 1, at 1–2.) The Court subsequently captioned the case with the named defendants. However, in his Particularized Complaint, which supersedes and supplants his initial Complaint, Flowers fails to name any defendants at all. (ECF No. 20, at 1–2.) For clarity, the Court continues to use the names in the heading of the initial Complaint.

[2] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

2

rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Flowers's Allegations

In his Particularized Complaint, (ECF No. 20), Flowers alleges as follows:[3]

> My name is Donnell Flowers. I am writing in regards as it relates to my on-going (civil suit) 3:20cv850. The reason(s) for this (civil suit) (is) not only was my well-being and safety violated, and neglected, but the safety of other inmate/person(s) (was) violated and neglected. The (despicable) conduct carried out by the defendant(s), and the very malicious act(s) committed by putting, and (housing) me/other(s) inmate(s) with other inmate(s) with other person(s) whom (had) tested positive for Covid 19 that (were) already housed inside the jail population(s), and for the (disregard(s)) of safety and well-being of (myself) and well as other(s).
> Broken safety protocol(s)/procedure(s) by staff/security. When 10 to 12 inmate(s) whom were all under quarantine (were/was) let out all at (once). Especially under state/federal guideline(s) and sanction(s) were put in order in the wake of the (pandemic), such as quarantine(s), and social distancing (is) (not) only recommended, but (required). Failed dutie(s) performed by staff/security and the

---

[3] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, spacing, punctuation, and capitalization and omits any emphasis or symbols in quotations from Flowers's Complaint.

3

>   negligent(s) for and of (my) well-being that could've caused injury and unjust hardship (permanently).
>   Under the 8th Amendment[4] (cruel) and unusual punishment, as well as unsanitary dangerous and restrictive condition(s).
>   Therefore, to my knowledge/understanding under the 8th Amendment of the Constitution, my right(s) (were) violated for the (cruel) and unusual punishment, as well as (dangerous) and (restrictive) condition(s) that could've caused injury and unjust hardship (permanently).

(ECF No. 20, at 1–2 (all parenthesis in original).) Flowers does not specifically name any defendants in his particularized complaint, allege an actual injury, or include a demand for a relief in his Particularized Complaint. (ECF No. 20, at 1–2.)

### III. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency," are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming the district court's determination that Piedmont Regional Jail is not a "person" under § 1983).

---

[4] The Eighth Amendment of the United States Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

4

Despite being specifically instructed to include a "list of defendants" in his particularized pleading (*see* ECF No. 19, at 2), Flowers failed to specifically identify any defendants in his Particularized Complaint. Rather, Flowers uses vague and generic collective terms, such as "defendants," "staff," and "security," which are insufficient to identify a particular person amenable to suit under § 1983. *Lamb*, 2013 WL 526887, at *2–3 (citations omitted); *cf. Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008) ("Vague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants." (citing *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003))).[5]

---

[5] Flowers's Particularized Complaint is less detailed than his initial Complaint in several respects. For example, in his initial Complaint, Flowers named two individuals, Mrs. Griffin and Sgt. Boyd, as defendants. (ECF No. 1, at 1–2.) However, in his Particularized Complaint, which supersedes and supplants his initial Complaint, Flowers fails to name any defendants at all. (ECF No. 20, at 1–2.)

The Court made clear to Flowers that the Particularized Complaint "must stand or fall of its own accord," and that Flowers was not permitted to incorporate statements made in his prior Complaint into his Particularized Complaint by reference. (ECF No. 19, at 2.) However, even if the Court were to consider the allegations made by Flowers in his initial Complaint, his allegations would still be insufficient to state a claim against Mrs. Griffin or Sgt. Boyd.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). Instead, the "plaintiff must [demonstrate] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*; *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability in a civil rights case is "personal, based upon each defendant's own constitutional violations"). Thus, a plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted). **Flowers's allegations that Mrs. Griffin let inmates out of their cells for phone privileges and showers and served food to inmates, (ECF No. 1, at 4–6), are insufficient to show that that she personally participated in the alleged deprivation of Flowers's rights.** *See Iqbal*, 556 U.S. at 646, *Trulock*, 275 F.3d at 402; *Vinnedge*, 550 F.2d at 928.

**As for Sgt. Boyd, aside from naming him as a defendant in the header of the initial Complaint, Flowers failed to include any allegations against him.** (ECF No. 1, at 4–6.) Even under the most liberal construction, this is insufficient to state a claim. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the

Flowers's failure to name a defendant in his Particularized Complaint, much less allege facts indicating that a "person" amenable to suit under § 1983 directly participated in the alleged deprivation of his rights, is fatal to his claims. Accordingly, Flowers's claims will be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

### IV. Conclusion

Flowers's claims will be DISMISSED WITHOUT PREJUDICE for failure to state a claim. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 11/1/2022
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968))).
   **Thus, even if the Court were to graft the allegations Flowers made against Griffin and Boyd in his initial Complaint onto his Particularized Complaint, Flowers would nevertheless fail to state a claim.**